AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court
## For The District of Columbia

**UNITED STATES OF AMERICA**

v.

**TREVELL TREMAINE HICKS**
**DOB: x/xx/xx**
**PDID: xxx-xxx**
(Name and Address of Defendant)

**AMENDED CRIMINAL COMPLAINT**

CASE NUMBER: 08-076M-01

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>February 9, 2008</u>, in the <u>District of Columbia</u> the defendant (s) did,

**unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance and having been convicted of a crime punishable by imprisonment for a term exceeding one year, ship and transport in interstate and foreign commerce, and possess in and affecting commerce, a firearm and ammunition, and did receive a firearm and ammunition, which had been shipped and transported in interstate and foreign commerce, that is, a Glock .45 caliber semi-automatic pistol and .45 caliber ammunition.**

in violation of Title(s) <u>21 and 18</u> United States Code, Section(s) <u>841(a)(1) and 922(g)(1)</u>.

I further state that I am <u>OFFICER MICHAEL JEWELL</u>, and that this complaint is based on the following facts:

**SEE ATTACHED STATEMENT OF FACTS**

**Continued on the attached sheet and made a part hereof:**    ☒ Yes    ☐ No

Signature of Complainant
**OFFICER MICHAEL JEWELL**
**FIRST DISTRICT, MPD**

**Sworn to before me and subscribed in my presence,**

_____    at    <u>Washington, D.C.</u>
Date                                                City and State

_____        _____
**Name & Title of Judicial Officer**            **Signature of Judicial Officer**

## AMENDED AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

On Saturday, February 9, 2008, at about 12:30 a.m., sworn officers of the Metropolitan Police Department (MPD) set up a hidden observation post (OP) to see if illegal drug sales were taking place in the parking lot behind the 1700 block of Benning Road, N.E., Washington, D.C. An officer saw a man, later identified as defendant Trevell Hicks, who was approached by another man, and they engaged in a brief conversation.

The unidentified man handed defendant Hicks money. The defendant than entered the driver's side door of a dark-colored car. After getting out of the car, defendant Hicks was holding a small object in his hand. Defendant Hicks walked to the rear of the vehicle and yelled to a another man to watch for the "feds," apparently referring to police officers.

The OP officer then saw defendant Hicks receive a cigarette from the buyer, which defendant Hicks then began to dip into a small container that he was holding. The defendant then handed the dipped cigarette to the buyer, screwed the top onto the container, reentered the driver's side of the nearby car, and got out of the vehicle seconds later. At this point, the officer in the OP suspected that At this point, the officer in the OP suspected that defendant Hicks and the other man were engaged in an unlawful sale of drugs, with Hicks acting as the seller.

Shortly thereafter, MPD officers approached the apparent buyer in the sale just described. The buyer made a throwing gesture. Police stopped the defendant in the hallway of a building in the 1700 block of Benning Road, N.E.. When officers searched the car from which defendant Hicks apparently got what he sold earlier, the officers found in the driver's door two full half-ounce vials containing a clear liquid, and a one-ounce vial, about a quarter filled, of a clear liquid. The liquid had an odor consistent with the smell of phencyclidine, commonly known as "PCP." Also recovered from under the driver's seat was what appeared to be a loaded 45-caliber handgun. When police searched defendant Hicks, they seized from him about $575 in cash. Also, recovered from the car were personal papers in the name of defendant Hicks. The amount of the PCP exceeded 28 grams.

During the course of these events, the officer in the OP identified defendant Hicks as the man he saw engage in what looked like a drug sale, and the OP officer also identified the car that defendant Hicks had got the drugs from, which is the same vehicle from which police seized the suspected PCP. I know the facts recounted above from being a part of this police operation and from what other sworn officers told me.

To the best of the undersigned officer's knowledge, defendant Hicks, has previously been convicted of a crime punishable by imprisonment for a term exceeding one year in the United States District Court for the District of Columbia, Criminal Case No. 05-293. Before filing this complaint, the officer reviewed at least one computer print-out of the defendant's criminal history and it showed that the defendant had been convicted of such crime. He wrote his initials on the computer print-out that he reviewed, so that he would recognize it again in the future. To the best of the undersigned officer's knowledge, there are no Glock .45 caliber firearms nor ammunition manufactured in the District of Columbia.

_____
OFFICER MICHAEL JEWELL
FIRST DISTRICT, MPD

SWORN AND SUBSCRIBED BEFORE ME ON THIS ____ DAY OF FEBRUARY, 2008.

_____
U.S. MAGISTRATE JUDGE